NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 27 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: BONA FIDE CONGLOMERATE, INC., _____ BONA FIDE CONGLOMERATE, INC., Petitioner, v. UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO, Respondent, SOURCEAMERICA, Real Party in Interest. | No. 17-70130 D.C. No. 3:14-cv-00751-GPC-AGS MEMORANDUM* |

Petition for Writ of Mandamus to the
United States District Court for the
Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted March 8, 2018
Pasadena, California

Before: REINHARDT and NGUYEN, Circuit Judges, and SIMON,** District

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Michael H. Simon, United States District Judge for the

Judge.

Petitioner Bona Fide Conglomerate, Inc. seeks the issuance of a writ of mandamus directing the district court to vacate its order disqualifying Bona Fide's attorney, Daniel Cragg, and Cragg's law firm, and to reinstate Cragg as Bona Fide's counsel in the underlying action.[1]  We deny the petition because Bona Fide has failed to demonstrate that intervention of this court by means of the extraordinary remedy of mandamus is justified.  *See Bauman v. U.S. Dist. Court*, 557 F.2d 650 (9th Cir. 1977).

1.  "The writ of mandamus is an 'extraordinary' remedy limited to 'extraordinary' causes."  *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court*, 408 F.3d 1142, 1146 (9th Cir. 2005) (quoting *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004)).  "Although we determine de novo whether the writ should issue, we must be firmly convinced that the district court has erred [before doing so]."  *Cohen v. U.S. Dist. Court*, 586 F.3d 703, 708 (9th Cir. 2009) (citation omitted); *see also Burlington N.*, 408 F.3d at 1146 ("In order to gain the benefit of the writ . . . the right to the writ must be 'clear and indisputable' . . . .").  In deciding whether the writ should issue, we consider whether:

---

District of Oregon, sitting by designation.

[1] Bona Fide also moves to strike SourceAmerica's March 14, 2018 supplemental filing.  Because we did not request supplemental briefing, and the letter does not meet the requirements of Fed. R. App. P. 28(j), we grant the motion to strike.  Ninth Cir. R. 28-1(a).

(1) the party seeking the writ has no other means, such as a direct appeal, of attaining the desired relief, (2) the petitioner will be damaged in a way not correctable on appeal, (3) the district court's order is clearly erroneous as a matter of law, (4) the order is an oft-repeated error, or manifests a persistent disregard of the federal rules, and (5) the order raises new and important problems, or issues of law of first impression.

*Cole v. U.S. Dist. Court*, 366 F.3d 813, 817 (9th Cir. 2004) (citing *Bauman*, 557 F.2d at 654–55). Although "[n]o single *Bauman* factor is determinative in every case," the third factor, clear error, is "highly significant" and "may be dispositive of the petition." *Cohen*, 586 F.3d at 708 (citations omitted). Based on this factually complex record, we cannot say that the district court clearly erred when it issued the disqualification order.

2.    Even if, as Bona Fide contends, we must apply federal law to examine the "Eight Excerpts" at issue, *see United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009), the district court did not clearly err in finding that these excerpts were covered by the attorney-client privilege. The Eight Excerpts contained statements by Jean Robinson, Real-Party-in-Interest SourceAmerica's then-general counsel, about her private conversations with SourceAmerica's former CEO, executives, and outside counsel regarding internal matters requiring legal advice. During these conversations, Robinson informed Lopez that she was not authorized to disclose some of the information she was providing him, and at one point told him that SourceAmerica's board of directors had limited her role in certain matters. Later,

3

when SourceAmerica learned of the existence of the recordings, it asserted the attorney-client privilege over their content. The district court's findings that the excerpts were privileged, and that the privilege was not waived, were not clearly erroneous.

3. The district court also did not clearly err in finding that Cragg violated his ethical duties under California law with respect to his handling of the Eight Excerpts and the recordings from which they were taken. Under California law, when (1) a lawyer "receives materials that obviously appear to be subject to an attorney-client privilege or otherwise clearly appear to be confidential and privileged," and (2) "it is reasonably apparent that the materials were provided or made available through inadvertence," that lawyer (1) "should refrain from examining the materials any more than is essential to ascertain if the materials are privileged," and (2) "immediately notify the sender that he or she possesses material that appears to be privileged." *Rico v. Mitsubishi Motors Corp.*, 42 Cal. 4th 807, 817 (2007) (quoting *State Compensations Ins. Fund v. WPS, Inc.*, 70 Cal. App. 4th 644, 656 (1999)). "The parties may then proceed to resolve the situation by agreement or may resort to the court for guidance with the benefit of protective orders and other judicial intervention . . . ." *Id.* (quoting *State Fund*, 70 Cal. App. 4th at 656–57).

Bona Fide shared the full set of recordings with Cragg, who then had the

4

entirety of the recordings transcribed for review. Even assuming that the privileged nature of the recordings was not obvious when Cragg first received and transcribed them, that no longer appeared to be the case when SourceAmerica notified Cragg in writing on October 6, 2014, of its privilege claim and demanded return of the recordings. Yet in the face of SourceAmerica's claim—and Robinson's statements to Lopez that she was disclosing information beyond what she was authorized to do—Cragg responded that he had no privileged information in his possession. Neither Cragg nor Bona Fide responded to SourceAmerica's follow-up letter. In light of Cragg's actions (or lack thereof), SourceAmerica turned to the magistrate judge and the district court in an attempt to protect any privileged information. For a period of almost two years, Cragg and Bona Fide maintained that no privileged information was in their possession and that any privilege was waived. Cragg possessed even more recordings than SourceAmerica initially realized, and his stance never wavered even after a federal court in a different case expressed concern that these same recordings contained privileged communications. On this record, the district court did not clearly err in concluding that Cragg violated his ethical duties under California law.

4.      Finally, the district court did not clearly err in concluding that disqualifying Cragg and his law firm was an appropriate remedy. We apply state law to matters of disqualification. *In re Cty. of L.A.*, 223 F.3d 990, 995 (9th Cir.

5

2000).  A disqualification order "must be prophylactic, not punitive."  *Gregori v. Bank of America*, 207 Cal. App. 3d 291, 308–09 (1989).  "[T]he significant question is whether there exists a genuine likelihood that the status or misconduct of the attorney in question will affect the outcome of the proceedings before the court."  *Id.* at 309.  "[D]isqualification is proper where . . . there is a reasonable probability counsel has obtained information the court believes would likely be used advantageously against an adverse party during the course of the litigation."  *Id.*

Here, the Eight Excerpts come from the same set of recordings as the non-privileged excerpts already used in this case.  It is not clear on this record that the Eight Excerpts are irrelevant to this action and could not be used going forward to prosecute Bona Fide's claims.  First, while Bona Fide argues on appeal that the Eight Excerpts "are irrelevant to any issue in the case," it notably did not advance this claim before the district court or the magistrate judge.  Second, in support of its argument on appeal, Bona Fide cites to two documents in the record that were filed *after* the district court's disqualification order—the protective order precluding the use of the Eight Excerpts in Bona Fide's case-in-chief and a declaration by Bona Fide's counsel promising not to use the Eight Excerpts in litigation.  Neither document actually shows that the Eight Excerpts are irrelevant to the underlying action.  Finally, given Cragg's entire course of conduct in the

6

handling of the recordings, the district court did not err in concluding that disqualification was an appropriate remedy. *See Gregori*, 207 Cal. App. 3d at 309 ("Though [privileged] information cannot be unlearned, and the lawyer who obtained it cannot be prevented from giving it to others, disqualification still serves the useful purpose of eliminating from the case the attorney who could most effectively exploit the unfair advantage."); *see also McDermott Will & Emery LLP v. Superior Court*, 10 Cal. App. 5th 1083, 1124–25 (2017) (noting that an order that merely precludes the use of the privileged information is an insufficient remedy because the attorney who improperly reviewed the privileged information retains personal knowledge that can be used to his client's advantage).

Accordingly, the petition is **DENIED.**